UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **LUTHER CARL YOUNG,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:06cv0176 AS |
| | ) | |
| **EDWARD BUSS, Superintendent of** | ) | |
| **the Indiana State Prison,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about May 9, 2006, *pro se* petitioner, Luther Carl Young an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 22, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

A good beginning point is the unpublished memorandum decision of the Court of Appeals of the State of Indiana entered on February 27, 2004. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The underlying conviction was in the courts of Lake County, Indiana in 2003 where this petitioner was convicted of two counts of murder and two counts of attempted murder. He is serving a 100-year sentence therefor at the ISP in this district.

The extensive findings of fact set out by the Attorney General of Indiana on pages two and three of the memorandum filed November 22, 2006 are certainly entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. After the aforesaid opinion entered by the Court of Appeals of Indiana on February 27, 2004, this petitioner returned to the state trial court and filed for post-conviction relief. Later in February 2006, that proceeding was withdrawn without prejudice. The Attorney General, however, indicates that the claims raised here were also raised on the direct appeal and the petition to transfer with reference to the Court of Appeals opinion entered February 27, 2004. The Supreme Court of Indiana denied transfer on May 13, 2004.

It is indicated that this petitioner raises basically three issues, one with reference to the admission of his confession, the second with regard to a so-called accomplice instruction, and, third, raises an Eighth Amendment issue with regard to the 100-year sentence entered regarding the two murders.

What the petitioner's arguments seem to come down to revolves around so-called unreasonable application of federal law under *Williams v. Taylor*, 529 U.S. 362 (2000). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). With regard to the so-called accomplice liability instruction, it was held to have been waived on direct review, and this court cannot gainsay that decision here.

2

The petitioner argues that his confession was the product of an unreasonable delay occasioned by the state authority's need to establish probable cause.  The Court of Appeals of Indiana determined that there was indeed probable cause for his arrest, and he was brought before a magistrate judge within 48 hours.  The state court facts would undermine any application of *Gerstein v. Pugh*, 420 U.S. 103 (1975).  The treatment of this issue does not appear to be an unreasonable application of clearly established federal law.  With regard to the accomplice liability instruction, there appears to be an adequate independent ground for the denial of state habeas corpus.  *See Lee v. Davis*, 328 F.3d 896 (7th Cir. 2005).  The Court of Appeals of Indiana found the claim with regard to accomplice liability instruction procedurally barred from any review, and certainly did not consider it fundamental error.  Even aside from the arguments about a procedural bar, and looking at the entirety of the record, it is hard to find an unreasonable application of established federal law under any decision of the Supreme Court of the United States.

The Ninth Amendment claim needs to be viewed through the prism of *Harmelin v. Michigan*, 501 U.S. 957 (1991).  *See also Solem v. Helm*, 463 U.S. 277 (1983).  As indicated by the Court of Appeals of Indiana, the sentence challenged was less than the presumptive term on each of the murder convictions.  It would appear that the state courts have given appropriate consideration to this case.  Of some basic importance here are the twin unanimous cases decided on the same day by the Supreme Court of the United States in *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002).  *See also*

3

*Rice v. Collins*, 125 S.Ct. 969 (2006), *Bell v. Cone*, 543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

For all of these reasons, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  January 4, 2007

                                      **S/ ALLEN SHARP**
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**